NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL AARON WITKIN,

            Plaintiff-Appellant,

    v.

MARIANA LOTERSZTAIN, Primary Care
Physician; et al.,

            Defendants-Appellees.

No. 18-16040

D.C. No. 2:15-cv-00638-MCE-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted May 23, 2019**

Before:    WALLACE, FARRIS, and TROTT, Circuit Judges.

    Michael Aaron Witkin, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment on Witkin's deliberate indifference claim because Witkin failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Witkin's medical condition. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (deliberate indifference requires showing a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference). The record does not contain any evidence that "the chosen course of treatment [for Witkin] was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to his health." *Toguchi*, 391 F.3 at 1-57-58. The record is equally devoid of evidence indicating that any defendant intentionally ignored, or failed to respond to, Witkin's medical needs.

The district court did not abuse its discretion by denying Witkin's requests for additional discovery after the deadline because Witkin failed to demonstrate how the denial resulted in actual and substantial prejudice. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with

broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.  Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed." (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Witkin's motion for leave to amend his complaint after the close of discovery because granting leave to amend would have caused undue delay and prejudice to defendants.  *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (setting forth standard of review and relevant factors for determining whether to grant leave to amend).

The district court did not abuse its discretion in considering the expert declaration of Dr. Barnett submitted by defendants in support of their summary judgment motion.  *See Primiano v. Cook*, 598 F.3d 558, 563, 566-67 (9th Cir. 2010) (setting forth standard of review and requirements for admitting expert testimony).

Because we conclude that the district court properly granted summary judgment for defendants, we reject Witkin's contention that the district court erred by denying summary judgment in his favor.

We do not consider arguments raised for the first time on appeal, or matters

not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**